IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
Milwaukee Division

| | |
|---|---|
| **CAITLIN JAHNZ** <br> 1302 West Sunset Court <br> Gilbert, AZ 85233, <br><br> Plaintiff, <br><br> **ARIZONA COMPLETE HEALTH** <br> 1850 W. Rio Salado Parkway, Suite 211 <br> Tempe, AZ 85281, <br><br> Involuntary Plaintiff, <br><br> vs. <br><br> **NICHOLAS R. LEROY** <br> 651 Southwind Dr., Unit #201 <br> Lake Geneva, WI 53147, <br><br> Defendant. | Case No. 26-cv-153 |

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Comes now Plaintiff Caitlin Jahnz, by her attorneys, Doar, Drill & Skow, S.C., and for her claim for relief against Defendant, states and alleges as follows:

### PARTIES

1. Plaintiff Caitlin Jahnz is an adult resident of the State of Arizona with a mailing address of 1302 West Sunset Court, Gilbert, AZ 85233 (hereinafter "Plaintiff" or "Jahnz").

2. Upon information and belief, Nicholas R. LeRoy (hereinafter "LeRoy") is an adult resident of the State of Wisconsin, with a mailing address of 651 Southwind Dr., Unit #201, Lake Geneva, WI 53147. At all times herein material, LeRoy was a chiropractor licensed to practice in

1

the State of Wisconsin and operating a chiropractic clinic located at 201 Broad St., Suite B, Lake Geneva, WI 53147.

3. Involuntary Plaintiff Arizona Complete Health has claimed to have paid medical expenses on behalf of Plaintiff. It further claims to be entitled to subrogation and/or reimbursement of those expenses. Plaintiff asks that Arizona Complete Health be put to its proof of any interest in this action or its proceeds and, absent such proof, that the purported subrogation and/or reimbursement claim be extinguished. Involuntary Plaintiff Arizona Complete Health maintains its principal place of business in the State of Arizona.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the Plaintiff is a resident of the State of Arizona, LeRoy is a resident of Wisconsin and has his principal place of business in Wisconsin, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

5. Venue is proper within the Eastern District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claim occurred within Lake Geneva, Walworth County, and because, on information and belief, Defendant LeRoy resides therein.

## STATEMENT OF FACTS AND CLAIMS

6. From June 28, 2023 through August 18, 2023, Jahnz was under the chiropractic care of LeRoy.

7. During this time, LeRoy attempted to treat Jahnz for conditions he was not trained or authorized to treat her for, including Human Papillomavirus (HPV) and the precancerous condition of cervical dysplasia.

8. LeRoy's treatment involved applying a caustic chemical compound on Jahnz's internal reproductive organs in an attempt to destroy the tissue affected by HPV and cervical dysplasia. These methods are not approved obstetrics or gynecological forms of treatment, nor are they authorized modes of chiropractic treatment.

9. As a result of LeRoy's actions, Jahnz sustained permanent tissue damage and stenosis of the cervix and uterus. As a result, she will never menstruate normally or conceive a child.

10. Jahnz's injuries were caused by Defendant LeRoy's negligent acts, including but not limited to: employing treatment methods outside the scope of his chiropractic knowledge and training; failing to use the degree of care, skill, and judgment that reasonable chiropractors would exercise in similar circumstances; failing to obtain informed consent before administering treatment; failing to refer Jahnz to the proper medical doctor for her ailment(s); and failing to inform Jahnz that her condition was outside the scope of chiropractic treatment/not treatable through chiropractic means.

11. As a result of Defendant LeRoy's negligence, Jahnz incurred hospital and medical expenses, wage and vocational losses, and pain, suffering and disability, and will continue to incur said losses into the future, all to her damage.

WHEREFORE, the Plaintiff requests judgment against the Defendants as follows:

    A. Damages to the full extent of coverage under the policy;

    B. Additional compensatory damages;

    C. Prejudgment interest;

    D. Reasonable costs and attorney's fees;

    E. Such other and further relief as the court deems just and proper.

Dated this 29th day of January, 2026.

                      **DOAR, DRILL & SKOW, S.C.**

                      *Electronically Signed by Katie J. Bosworth*
                      Katie J. Bosworth, #1099686
                      Attorneys for Plaintiff
                      103 N Knowles Ave
                      New Richmond, WI 54017
                      (715) 246-2211
                      kbosworth@doardrill.com

4

Case 2:26-cv-00153-SCD   Filed 01/29/26   Page 4 of 4   Document 1