**IN THE UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**Milwaukee Division**

---

| | | |
|---|---|---|
| **CAITLIN JAHNZ**<br>1302 West Sunset Court<br>Gilbert, AZ 85233,<br><br>Plaintiff,<br><br>**ARIZONA COMPLETE HEALTH**<br>1850 W. Rio Salado Parkway, Suite 211<br>Tempe, AZ 85281,<br><br>Involuntary Plaintiff,<br><br>vs.<br><br>**NICHOLAS R. LEROY**<br>651 Southwind Dr., Unit #201<br>Lake Geneva, WI 53147,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-cv-153 |

---

**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**

---

Pursuant to Federal Rule of Civil Procedure 26 and the Court's order setting a Rule 16 Scheduling Conference for October 26, 2026 in the above-captioned case, a meeting was held via telephone on September 10, 2026, between Attorney Katie J. Bosworth, counsel for Caitlin Jahnz and Attorney Laurie McLeRoy, counsel for Defendant Nicholas LeRoy. The parties submit the following joint report in compliance with the Court's Standing Order Governing Preliminary Pretrial Procedures:

<u>Concise statement of the nature of the case</u>: **From June 28, 2023 through August 18, 2023, Plaintiff Caitlin Jahnz was under the chiropractic care of Nicholas LeRoy. During that time, Plaintiff asserts that LeRoy attempted to treat Jahnz for conditions he was not authorized to treat, including Human Papillomavirus (HPV) and the precancerous condition of cervical dysplasia.**

**Plaintiff asserts that LeRoy was negligent by providing care outside the scope of chiropractic practice, failing to use reasonable care, failing to obtain informed consent, and failing to refer Jahnz to an appropriate medical doctor or advise her the condition was not treatable through chiropractic care.**

**Plaintiff brings this action against Nicholas LeRoy for damages she incurred as a result of LeRoy's negligence.**

**Defendant disputes liability, damages, allocation of fault, and asserts contributory negligence.**

Names of any related cases: **None.**

Material factual and legal issues to be resolved at trial: **Liability and damages are in dispute.**

Anticipated amendments to pleadings: **None at this time.**

Identity of anticipated new parties: **None at this time.**

Anticipated trial length: **Three days.**

Any other matter affecting just, speedy and inexpensive determination of the case: **None at this time.**

## DISCOVERY PLAN

The parties conferred on **September 10, 2026** and considered the issues in Rule 26(f).

1. The parties agree to provide initial disclosures by the date set forth below.

2. Discovery will be needed on the subjects alleged in the Complaint and the Answer including, but not limited to, liability and damages. Discovery need not be sequenced or conducted in phases.

3. At present, the parties do not anticipate that there will be issues relating to the discovery of electronically stored information ("ESI"). If such issues arise, the parties will consider the form or forms in which ESI should be produced at the appropriate time and agree to work cooperatively. Where feasible, ESI should be produced in PDF form.

4. At present, there are no issues as to privilege. If such issues arise, the parties propose to meet and confer on the issue of whether a protective order addressing claims of confidentiality would be appropriate for this case. The parties agree that privileged attorney-client communications or trial preparation materials exchanged between lawyers and their clients or their agents (i.e. paralegals, investigators, etc.) need not be placed on a privilege log as contemplated by Rule 26(b)(5)(A) if the communications or materials concern the litigation.

5. The parties propose no changes to the discovery rules, except as stated herein.

6. Except as stated herein, the parties do not anticipate other discovery issues or believe that any further limitations on discovery are appropriate at this time. The parties propose the following Discovery Schedule and Case Management Deadlines:

| | |
|---|---|
| (a) Initial Disclosures: | **October 30, 2026** |
| (b) Motions to amend the pleadings: | **November 30, 2026** |
| (c) Plaintiff's disclosure of experts: | **November 30, 2026** |
| (d) Defendants' disclosure of experts: | **February 15, 2027** |
| (e) Close of discovery: | **Open through final pretrial conference** |
| (f) Dispositive motion deadline: | **March 31, 2027** |
| (g) Dispositive motion response deadline: | **April 14, 2027** |
| (h) Rule 26(a)(3) disclosures deadline: | **30 days in advance of trial** |
| (i) Motions in Limine deadline: | **30 days in advance of trial** |
| (j) Motion in Limine responses: | **15 days in advance of trial** |
| (k) Final pretrial conference: | **Consistent with the Court's practice.** |
| (l) Trial: | **June 2027** |

Dated: 10/7/2026

s/ Katie J. Bosworth
Katie J. Bosworth (WI Bar #1099686)
DOAR DRILL & SKOW, S.C.
103 North Knowles Avenue
New Richmond, WI 54017
kbosworth@doardrill.com

Attorneys for Plaintiff

Dated: 10/7/2026

s/ Laurie J. McLeRoy
Laurie J. McLeRoy (WI Bar #1018964)
von Briesen & Roper SC
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
laurie.mcleroy@vonbriesen.com

Attorneys for Defendant